HON. ISAAC F. REDFIELD, } ASSISTANT JUDGES.
HON. PIERPOINT ISHAM,

---

## L. & M. HARRINGTON *v.* EZRA EDSON.

*Book Account. Facts found by the auditor and county court conclusive.*

A question of fact decided by the auditor, and ultimately by the county court, cannot be revised by the supreme court, unless they find that there was no testimony tending to prove the fact.

BOOK ACCOUNT. Judgment to account was rendered in the county court, and an auditor was appointed, who reported, substantially as follows:—

No item on the *debit* side of the plaintiffs account, was disputed by the defendant.

The defendant offered no account, but urged, in defense,— 1. That the plaintiffs' whole account had been settled and paid, in a settlement made by the defendant with Lyman Harrington, one of the plaintiffs. 2. The statute of limitations.

The auditor found that said account had not been settled and paid, as claimed by the defendant. As to the second ground of defense, the auditor found that the said account is barred by the statute of limitations, unless saved by a credit of "May 3, 1842, "cash, $20," the writ being dated April 27th, 1848.

That as to the said item of credit, there was no testimony to establish it, except the entry upon the plaintiffs' journal of account, which stands posted upon their ledger, and the testimony of Moses Harrington, one of the plaintiffs. He testified that the entry was in his own hand-writing; that he had no recollection of the payment of the money, or of the fact of making the entry, except that he found such entry upon the journal, but from that circumstance, he had no doubt but the money was paid as credited, and that he should not have made the entry without payment of the money, &c.

The auditor found that the entry was made in the hand-writing of the said Moses Harrington, and made at the foot of a page of the journal, under the date of "May 3, 1842," and was the last item posted upon the ledger. That there was, also, in the hand-writing of the said Moses Harrington, a credit to the defendant at the foot of the journal, under date of "April 11, 1842, cash, $20." That this was not posted or post marked; the other entries upon the journal, as far as examined, had a post mark, or mark of payment.

That the entries upon the journal appeared to be made in the regular course of business, the two items of credit above mentioned not excepted, and so of the ledger, excepting the omission to post the credit of "April 11, 1842." That the books were kept, and entries made generally, by clerks in the store.

That in the said journal there were blank spaces, at the foot of many pages, affording sufficient and convenient room for the entry of such credits as those above named. There was no evidence of the payment of the $20, on the 11th day of April, 1842, except

the entry upon the journal, as above stated. The auditor allowed the said $20, as a credit to the defendant.

That the defendant denied, that he made the payments credited as of April 11, 1842, and May 3, 1842. That it appeared, that on the morning of the second of May, 1842, defendant left Manchester, where both parties then resided, and went to Benson, a distance of about fifty miles, and did not return again to Manchester until Thursday, the fifth day of May, and did not meet either of the plaintiffs during that time.

The county court, June term, 1851,— PIERPOINT, J., presiding, rendered judgment, upon the report, for the plaintiffs. Exceptions by defendant.

*D. Roberts* for defendant.

The *debit* side of the plaintiffs account is, upon its face, barred by the statute of limitations.

If saved from the statute, it is so only by force of the credit of May 3, 1842. The *onus* of establishing this credit, lays upon the plaintiffs, for,— 1. The credit was the plaintiffs act. 2. The defendant, upon his oath, denied the payment.

To meet the objection of the statute, it was necessary for the plaintiffs to have proved not only the fact of a payment of $20, at some time, but that such payment was made *after April* 27, 1842. The auditor has found the fact of payment, and that such payment was made not after the morning of May 2, 1842, but "just before," and within six years, &c.,— i. e. on one of the three last days of April, the 1st day of May, or at peep of dawn of the 2d day of May, 1842.

Was the auditor warranted in so finding?

1. There was *no* evidence, aside from the book, of the fact of payment, or of the date of the making of the entry.

2. The report falsifies the book as to the date of the payment; and being so falsified, the conclusion of the auditor is but a *guess*, as to the true date, without any legal evidence thereof.

3. The book was suspicious in appearance,— the two entries of April 11, 1842, and May 3, 1842, each for " cash, $20," and each at the foot of a page of the journal, the journal affording occasional blanks at the foot of pages, convenient for such entries,— the first credit not posted, and the entry accounted for by its ne-

cessity to save the first suit,— the last entry, whether as a duplicate of the first, or as an independent item, accounted for by its necessity to save the last suit.

A book, so suspicious in appearance, so falsified by the proof, so wholly unsupported by other evidence, but flatly contradicted, is not competent evidence of payment, or time of payment. 1 Cow. & Hills' Notes 682–3, 695, 698–9. Swift's Ev. 81, 2, 4. *Eastman* v. *Moulton,* 3 N. H. 156.

But if the book was evidence of payment of $20, at *some* time, the date of the credit being falsified by the proof, there was *no* evidence of the true date, so that the finding of the auditor was but a *guess,* warranted by no evidence. *Cawley* v. *Funell et al.,* 6 Eng. Rep. 397.

Again, there was no evidence showing at what time the entry was made. It might as well have been made at one time as another; and so does not appear to have been an entry against the plaintiffs' interest to make, but the contrary, and so is not evidence *per se.* 1 Cow. & Hills' Notes 154. *Whitney* v. *Bigelow,* 4 Pick. 110. *Raseboom* v. *Billington,* 17 Johns. 182. *Rose* v. *Bryant,* 2 Camp. 321. Phil. Ev. 117.

*J. L. Stark* for plaintiffs.

It is a well established principle of law, that in mutual accounts each new item of credit takes the whole account out of the statute. *Abbot* v. *Keith,* 11 Vt. 525.

In the present case, the auditor finds the fact, that within six years next preceding the commencement of this suit, the defendant paid on this account, the sum of $20, and that the account is not barred by the statute of limitations. This fact, found by the auditor from evidence, is not to be revised by this, or any other tribunal. *Kent* v. *Hancock,* 13 Vt. 514.

If an auditor decides a question of fact, and it appears from his report, that there was testimony tending to prove the fact as found, his decision is conclusive. *Hodges* v. *Hasford,* 17 Vt. 615. *Cottrill* v. *Vanduzen et al.,* 22 Vt. 514.

It was competent for the plaintiffs to testify to the fact of a payment, made within six years, by the defendant, and this fact found by his testimony, he may have the benefit of, to avoid the statute of limitations. *Sargeant* v. *Sunderland,* 21 Vt. 284. *Hapgood* v. *Southgate,* 21 Vt. 584.

Harrington et al. *v.* Edson.

The opinion of the court was delivered by

REDFIELD, J. It is undeniable, that the testimony, as detailed in the report of the auditor, is calculated to make a very considerable impression upon the mind, that there may be some mistake in regard to the credits of $20, on the two occasions, or whether, in fact, either of them were ever made. These considerations were very ingeniously presented to us, at the hearing, and it seems to us difficult to altogether resist the doubts, which they are calculated to raise.

But this is altogether a question of fact, in the first instance, to be decided by the auditor, and ultimately by the county court. And having been passed upon by both of these tribunals, it is impossible for this court to waive the determination, unless we could say that there was no testimony tending to prove the credit, which was relied upon to take the case out of the operation of the statute of limitations.

This, we think, cannot be fairly argued. The entry in the book, with the suppletory oath of the party, is the ordinary evidence in such cases. And the fact, that the witness has no continuing recollection of the payment, is of no importance. It is the original correctness of the entry which constitutes the evidence, unless something suspicious appears upon its face, which would seem to require explanation.

And even if the position of the entries, " at the foot of the page," could be regarded as suspicious, it is a matter to be judged of altogether by the triers of the fact. So, too, of the force of the attempted *alibi*. Upon the whole, we think the case must be regarded as settled, by the decision of the county court, and that judgment is affirmed.